Tammy Belinson

**Cleveland County Clerk's Office**
**201 S Jones Room 210**
**Norman, OK 73069-6099**

```
MIME-Version:1.0
From:okwd_ecf_notice@okwd.uscourts.gov
To:okwdecf@localhost.localdomain
Bcc:
--Case Participants: Daniel C Andrews (dan@jao-law.com, jessica@jao-law.com,
mayra@jao-law.com), Edward J Batis, Jr (debbie@jao-law.com, dvjsupport@jao-law.com,
ejb@jao-law.com, patricia@jao-law.com, stephanie@jao-law.com), Michael Burrage
(docketing@whittenburragelaw.com, mburrage@whittenburragelaw.com,
rfitzgerald@whittenburragelaw.com), Joseph A Cancila (edocket@schiffhardin.com,
jcancila@schiffhardin.com, sstojanovic@schiffhardin.com, twilkins@schiffhardin.com),
Carole L Dulisse (cdulisse@marrlawfirm.com, tparent@marrlawfirm.com), Sondra A
Hemeryck (edocket@schiffhardin.com, shemeryck@schiffhardin.com,
sstojanovic@schiffhardin.com), David V Jones (dvj@jao-law.com, dvjsupport@jao-
law.com, kat@jao-law.com, lisa@jao-law.com, lizz@jao-law.com), Benjamin G Kemble
(bkemble@jao-law.com, debbie@jao-law.com, patricia@jao-law.com, stephanie@jao-
law.com), Jeffrey D Marr (jeffdmarr@marrlawfirm.com, jhayden@marrlawfirm.com,
tparent@marrlawfirm.com), John R Parrish (docketing@whittenburragelaw.com,
rparrish@whittenburragelaw.com, vtrammell@whittenburragelaw.com), Reggie N Whitten
(docketing@whittenburragelaw.com, rfitzgerald@whittenburragelaw.com,
rwhitten@whittenburragelaw.com, vtrammell@whittenburragelaw.com), Honorable David L.
Russell (russell-orders@okwd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:<2905289@okwd.uscourts.gov>
Subject:Activity in Case 5:14-cv-01041-R Willison et al v. State Farm Fire &
Casualty Company et al Order on Motion to Remand
```
Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* There is no charge for viewing opinions.**

## U.S. District Court

## Western District of Oklahoma[LIVE]

### Notice of Electronic Filing

The following transaction was entered on 12/11/2014 at 9:08 AM CST and filed on 12/11/2014
**Case Name:** Willison et al v. State Farm Fire & Casualty Company et al
**Case Number:** 5:14-cv-01041-R
**Filer:**
**Document Number:** 32

**Docket Text:**
**ORDER granting [9] Motion to Remand; denying [16] Motion for Discovery, as more fully set out. Signed by Honorable David L. Russell on 12/11/14. (jw)**

**5:14-cv-01041-R Notice has been electronically mailed to:**

Reggie N Whitten    rwhitten@whittenburragelaw.com, docketing@whittenburragelaw.com,

rfitzgerald@whittenburragelaw.com, vtrammell@whittenburragelaw.com

Michael Burrage    mburrage@whittenburragelaw.com, docketing@whittenburragelaw.com, rfitzgerald@whittenburragelaw.com

Jeffrey D Marr    jeffdmarr@marrlawfirm.com, jhayden@marrlawfirm.com, tparent@marrlawfirm.com

Carole L Dulisse    cdulisse@marrlawfirm.com, tparent@marrlawfirm.com

David V Jones    dvj@jao-law.com, dvjsupport@jao-law.com, kat@jao-law.com, lisa@jao-law.com, lizz@jao-law.com

Daniel C Andrews    dan@jao-law.com, jessica@jao-law.com, mayra@jao-law.com

Benjamin G Kemble    bkemble@jao-law.com, debbie@jao-law.com, patricia@jao-law.com, stephanie@jao-law.com

Joseph A Cancila    jcancila@schiffhardin.com, edocket@schiffhardin.com, sstojanovic@schiffhardin.com, twilkins@schiffhardin.com

John R Parrish    rparrish@whittenburragelaw.com, docketing@whittenburragelaw.com, vtrammell@whittenburragelaw.com

Edward J Batis, Jr    ejb@jao-law.com, debbie@jao-law.com, dvjsupport@jao-law.com, patricia@jao-law.com, stephanie@jao-law.com

Sondra A Hemeryck    shemeryck@schiffhardin.com, edocket@schiffhardin.com, sstojanovic@schiffhardin.com

**5:14-cv-01041-R Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1041971380 [Date=12/11/2014] [FileNumber=2905287-0] [280a31417017c5543129ee336c49e4d3966ea2b859ffba182d88cb8c31aec64361ad023e66f2f3f77467a2461a9095f3e364c158bbd214c269a495b269832820]]

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD WILLISON and MARILYN WILLISON, husband and wife, ) ) ) ) | |
| Plaintiffs, ) ) | CJ-2013-1270-L |
| v. ) ) | Case No. CIV-14-1041-R |
| STATE FARM FIRE AND CASUALTY COMPANY and MIKE EARLES, ) ) ) ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiffs' Motion to Remand [Doc. No. 9] and Defendant State Farm Fire and Casualty Company's ("State Farm") alternative motion to conduct jurisdictional discovery and for a stay of the Court's ruling on the motion to remand [Doc. No. 16]. Plaintiffs originally filed suit in the District Court of Cleveland County on October 9, 2013. Doc. No. 1, Ex. 1, at 1. This case arises out of a dispute over a claim submitted to State Farm for property damage resulting from the May 2013 tornado that struck Moore, Oklahoma. *Id.* at 2. State Farm removed the case to this Court on September 25, 2014. Doc. No. 1. State Farm alleges that Plaintiffs joined Defendant Earles, an insurance agent and citizen of Oklahoma, as a defendant in this case in order to defeat federal diversity jurisdiction. Doc. No. 1, at 2-3.

## Timeliness

Plaintiffs argue, among other things, that State Farm's removal is untimely. Doc. No. 9, at 13. The procedures governing removal in this case are set out in 28 U.S.C. § 1446 (West). Under § 1446(b)(1), a case must be removed within thirty days of the date the defendant receives a copy of the initial pleading, if that initial pleading is sufficient to provide the defendant with an "unambiguous" basis for removal. *See Farmland Nat'l Beef Packing Co. v. Stone Container Corp.*, 98 F. App'x 752, 755 (10th Cir. 2004) (unpublished) (citing *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035-36) (10th Cir. 1998)). That particular subsection is not at issue in this case.[1] Rather, State Farm argues that it was entitled to remove based on § 1446(b)(3), which provides that "a notice of removal may be filed within 30 days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

To understand State Farm's position, some procedural history is necessary. Plaintiffs filed this case in state court on October 9, 2013. Doc. No. 1, Ex. 1, at 1. While the case was pending in state court, State Farm sought to take Plaintiffs' depositions in order to obtain "the information necessary to establish that Defendant Earles had been fraudulently joined," because fraudulent joinder was not clear from the face of the Complaint. Doc. No. 1, at 7. Because State Farm was unable to arrange a mutually

---

[1] *See* Doc. No. 9, at 13 ("Nothing has occurred during litigation to cause the case to become removable."); Doc. No. 15, at 16 ("The parties here agree that Plaintiffs' ambiguous Petition did not provide such clear and unequivocal notice.").

2

agreeable date for depositions, and the one-year deadline for removal was approaching,[2] State Farm filed a motion to compel depositions on July 3, 2014. Doc. No. 1, at 9, Ex. 15. At a hearing held on the motion to compel on July 21, 2014,[3] Plaintiffs' counsel took the position that State Farm did not need to depose Plaintiffs in order to establish a case of fraudulent joinder, and that it was "entitled to remove" the case. Doc. No. 1, Ex. 18, at 3, 7. The state court judge ordered depositions to be taken by October 1, prior to the removal deadline. Doc. No. 1, Ex. 18, at 10, Ex. 19.

After learning that Plaintiffs' counsel's trial calendar had cleared, State Farm sent deposition notices to Plaintiffs, scheduling the depositions for September 23, 2014. Doc. No. 1, at 11, Ex. 25. Plaintiffs' counsel then filed a Motion to Quash the deposition notices on September 22, and did not appear for the depositions. Doc. No. 1, at 11, 13, Ex. 26. State Farm argues that "Plaintiffs' Motion to Quash—and their subsequent non-appearance at the noticed depositions—establish Plaintiffs' intent to stand on their counsel's stated position [at the July 21 hearing] that State Farm does not need to depose Plaintiffs in order to establish fraudulent joinder, and is 'entitled to remove' this action without taking those depositions, thereby allowing State Farm to intelligently ascertain removability." Doc. No. 1, at 13. In other words, State Farm contends that the Motion to Quash and Plaintiffs' failure to appear for the depositions confirmed that "there is no factual basis for their claims against the agent." Doc. No. 15, at 25. Because it filed the

---

[2] See § 1446(c) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.").

[3] This case is part of a series of cases brought against State Farm that were consolidated for discovery proceedings in state court. See Doc. No. 1, at 4-5, 9. The July 21 hearing was before Judge Lori Walkley in the case *Misner v. State Farm Fire & Cas. Co.*, No. CJ-13-1050.

3

Notice of Removal within thirty days of receiving the Motion to Quash, State Farm argues that its removal is timely under § 1446(b)(3).

An "other paper" under § 1446(b)(3) must provide a "clear and unequivocal notice" of the right to remove and "should not be ambiguous." *Akin*, 156 F.3d at 1035-36 (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)). In determining whether removal is timely, "all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

The Motion to Quash does not "unequivocally" notify State Farm that there is no factual basis for the Plaintiffs' claims against the agent. Viewed in the light most favorable to Plaintiffs, they could have filed the motion for exactly the reason stated—"the date selected must be agreeable by all the parties so that each may attend," Doc. No. 1, Ex. 26, at 3. Even if this motion were communicating anything with regard to State Farm's right to remove, it would more likely be that depositions are not the only means by which defendants can obtain the evidence required to establish fraudulent joinder. *See* Doc. No. 1, Ex. 18, at 5 ("I would just say that these depositions aren't preventing them from removing the case, Judge. In fact, I bet State Farm has removed quite a few cases without taking depositions.").

State Farm also argues that Plaintiffs' counsel's statements at the July 21 hearing "waived any objections to any procedural deficiencies in State Farm's removal." Doc. No. 30, at 3. Even if Plaintiffs' counsel's statements could reasonably be interpreted in this manner, State Farm cites no authority for its contention that a plaintiff can waive the

4

procedural requirements of § 1446 *prior* to removal. *See Sheldon v. Khanal*, 502 F. App'x 765, 771 (10th Cir. 2012) (unpublished) ("Nonjurisdictional defects must be raised within 30 days *after* the filing of the notice of removal or they are waived." (emphasis added) (citations omitted)). Because one cannot "ascertain" a "clear and unequivocal notice" of a right to remove from the Motion to Quash, and State Farm has not pointed to any "other paper" satisfying the requirements of § 1446(b)(3), State Farm's removal was untimely.

### Jurisdictional Discovery

State Farm has filed a motion to conduct jurisdictional discovery and for a stay of the Court's ruling on the motion to remand pending the completion of Plaintiffs' depositions. Doc. No. 16, at 1. In support of its position, State Farm cites to *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008), in which the Tenth Circuit stated that it is within the Court's discretion to grant such discovery requests. *Id.* ("[P]erhaps because there was no time to do so in state court"). The Court declines to provide for jurisdictional discovery in this case for two reasons. First, State Farm has not produced sufficient evidence demonstrating its inability to obtain supporting evidence during its entire time in state court, even though it "believed from the outset of this case that Plaintiffs here have no more basis for their purported claims against Earles than the plaintiffs in *Neil* had for their claims against Stout." Doc. No. 16, at 4; *see Neill v. State Farm Fire & Cas. Co.*, No. CIV-13-627-D, 2014 WL 223455, at *4 (W.D. Okla. Jan. 21, 2014) (dismissing Defendant Stout as fraudulently joined).

5

Second, no one argued in *McPhail* that the removal was untimely under § 1446(b), and this Court has found no Tenth Circuit case in which jurisdictional discovery was permitted in federal court when neither thirty-day period in § 1446(b) was triggered. In its Notice of Supplemental of Authority [Doc. No. 31], State Farm directs the Court to a recent decision in *Misner v. State Farm Fire & Cas. Co.*, No. CIV-14-873-D, 2014 WL 6879094 (W.D. Okla. Dec. 4, 2014). In that case, the Court found that State Farm's Notice of Removal was not untimely because "the two 30-day periods of § 1446(b) are not the exclusive time periods for removal," and granted State Farm leave to conduct jurisdictional discovery to support its claim of fraudulent joinder. *Id.*

In support of the argument that the two thirty-day periods in § 1446(b) are not the only time in which a defendant may remove, the Court in *Misner* cites to three cases from the Second, Seventh, and Ninth Circuit Courts of Appeals. But in each of these cases, the Circuit Courts held that removal was not improper under § 1446(b) when the defendant had found a basis for removal on its own investigation, *prior to removal*.[4] In those cases, the reasoning was that a plaintiff should not "be able to prevent or delay removal by

---

[4] *See Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 147 (2d. Cir. 2014) ("When neither 30-day removal clock of 28 U.S.C. § 1446(b) was triggered, may MERS remove based on its own investigation? ... The Ninth Circuit has resolved this question, and we agree with its approach."); *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013) ("The 30-day removal clock is triggered by the defendant's receipt of a pleading or other paper that affirmatively and unambiguously reveals that the case is or has become removable. Here, Trailer Transit never received a pleading or other paper from Walker specifically disclosing the damages demand. Trailer Transit based its notice of removal on its own estimate of damages after Walker introduced a new theory of damages into the case in response to requests for admission. Because the removal clock never started to run, the district court properly denied the motion to remand."); *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) ("We conclude that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines.").

failing to reveal information showing removability and then object[] to removal when the defendant has discovered that information on its own." *Roth*, 720 F.3d at 1125.

Removal may be timely when a defendant independently discovers information justifying removal and *then* files a notice of removal within one year of the commencement of the action; but that is not the case here. State Farm is asking the Court to conduct jurisdictional discovery so that it can find evidence to support the Notice of Removal that it has already filed. Although the two thirty-day periods do not begin to run until there is "clear and unequivocal notice" of the right to remove because there is no "duty to investigate" in state court, *Akin*, 156 F.3d at 1036, there is no right to investigation in federal court for a defendant who has never received such notice and has not, through its own voluntary investigation in state court, uncovered evidence justifying removal in the one-year removal period.

## Conclusion

In accordance with the foregoing, State Farm's motion to conduct jurisdictional discovery and for a stay of the Court's ruling on the motion to remand [Doc. No. 16] is DENIED, and Plaintiffs' Motion to Remand [Doc. No. 9] is GRANTED. Plaintiffs seek their costs and fees resulting from State Farm's improper removal. The Court "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Because State Farm did not lack an objectively reasonable basis for removal, Plaintiffs' request for fees and costs is denied.

IT IS SO ORDERED this 11th day of December, 2014.

*David L. Russell*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE